**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| AUDREY DUFF, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CAUSE NO. 1:20-CV-00375-RP |
| | § | |
| BETTY BEWLEY, | § | |
| *Defendant.* | § | |

**MOTION TO DISMISS**

Defendant Betty Bewley moves to partially dismiss defamation claims asserted by Plaintiff Audrey Duff in this suit. Bewley also moves to dismiss Duff's claim for intentional infliction of emotional distress because that claim fails as a matter of law.

**BACKGROUND**

Audrey Duff alleges that her mother, Betty Bewley, published a defamatory statement by sending a text message to Duff's father, Doug Duff, on May 1, 2018. Am. Compl. [#7] ¶ 6. According to Audrey, the text message accused her of having an incestuous relationship with her father. *Id.* ¶ 8.

Duff also alleges that Bewley "repeated these same allegations" during 14 different phone conversations with Doug Duff that occurred between September 30 and October 25, 2019. *Id.* ¶ 7. But phone records attached to Duff's complaint show that only one phone call was placed to Doug Duff during that time span, on October 2, 2019. The other 13 phones calls were all placed to Bewley's daughter, Jodie Pennington. *Compare id.* at 8 (phone records for 432-557-8846), *with id.* at 9–15 (phone records for 432-557-8851, labeled "Jodie – my sister").

In February 2020, Duff brought this lawsuit, asserting a defamation claim against Bewley in connection with the May 2019 text message. On April 29, 2020, Duff amended her complaint and added a claim for intentional infliction of emotional distress. Bewley now moves to partially dismiss Duff's claims.

**ARGUMENT**

Under Rule 12(b)(6), courts must dismiss claims when the facts pleaded in support do not state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. In addition to the plaintiff's pleaded factual allegations, the court must also consider documents attached to the complaint or incorporated by reference. *See, e.g.*, *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

I.    **Duff cannot bring a defamation claim based on Bewley's May 2018 text message because the statute of limitations has run.**

Duff alleges that Bewley sent that message to Doug Duff on May 1, 2018. Compl. [#1-2] ¶ 6. But in Texas, the statute of limitations for defamation claims is just one year. Tex. Prac. & Rem. Code § 16.002(a). That limitations period expired in May 2019—long before Duff sent her retraction letter or brought these claims. *Id*. This Court should dismiss Duff's claim for defamation based on the May 2018 text message as barred by the statute of limitations.[1] *See Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) ("A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like.").

II.   **Duff cannot recover exemplary damages.**

Under Texas law, plaintiffs can only recover exemplary damages for a defamatory statement if they request a "correction, clarification, or retraction" within 90 days of learning of the statement. *See* Tex. Civ. Prac. & Rem. Code § 73.055(c). The retraction request must be in writing and must "state[] with particularity the statement alleged to be false and defamatory" as well as "the defamatory meaning of the statement." *Id*. § 73.055(d)(2)–(3).

---

[1] To her credit, Duff has now tacitly acknowledged that this alleged defamatory statement is a nonstarter. *See* Am. Compl. [#7] ¶ 24 ("It is possible that recovery based on the text message . . . is time-barred.").

The retraction demand attached to Duff's complaint shows that Duff requested Bewley retract a single defamatory statement—the May 2018 text message sent to Doug Duff. *See* Am. Compl [#7] at 17–18 ("We request that you retract the defamatory statement that you published and remit payment in the amount of $500,000 . . . ."). But as explained above, Duff cannot bring a defamation claim based on that message because the statute of limitations has run as to that claim. And Duff has not requested that Duff retract any other defamatory statements. *See id.* Since Duff failed to request retraction of any of the other alleged defamatory statements within 90 days, Duff cannot recover exemplary damages for those statements.

### III. Duff's claim for intentional infliction of emotional distress fails as a matter of law.

Frequently asserted but rarely successful, intentional infliction of emotional distress is a gap-filler tort that was "never intended to supplant or duplicate existing statutory or common-law remedies." *Tubbs v. Nicol*, 675 F. App'x 437, 439–40 (5th Cir. 2017). If the "gravamen of a plaintiff's complaint is the type of wrong" already addressed by a separate common-law or statutory remedy, a plaintiff "cannot maintain" a claim for intentional infliction of emotional distress—regardless of whether those alternative remedies are available or not. *Id.*

Here, Duff asserts a claim for intentional infliction of emotional distress because her defamation claim based on the May 2018 text message is barred by the statute of limitations. Am. Compl. [#7] ¶ 24. *See* Am. Compl. [#7] ¶ 24. That is not how the tort works. Duff has already tried to assert a defamation claim based on that text message, and the gravamen of her complaint is clearly defamation. Because intentional infliction of emotional distress is not available as an end-run around the statute of limitations for defamation, Duff's emotional-distress claim fails as a matter of law. *See Tubbs*, 675 F. App'x at 440 (concluding IIED claim failed as a matter of law because "the gravamen of [plaintiff's] complaint is clearly defamation"). The Court should dismiss this claim with prejudice.

**CONCLUSION**

The Court should dismiss with prejudice Duff's defamation claim based on the May 2018 text message, because that claim is barred by the statute of limitations. Further, because Duff has not sought a retraction as to any other statements, Duff cannot recover exemplary damages in this case, and this Court should dismiss Duff's claim for exemplary damages as a matter of law. Finally, the Court should dismiss Duff's claim for intentional infliction of emotional distress with prejudice because that tort is not available in these circumstances.

Respectfully submitted,

/s/ Timothy Cleveland
Timothy Cleveland
State Bar No. 24055318
Austin H. Krist
State Bar No. 24106170
CLEVELAND | TERRAZAS PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
512-689-8698
tcleveland@clevelandterrazas.com
akrist@clevelandterrazas.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing documents was served on all counsel of record by way of e-service through the CM/ECF system as well as by e-mail on May 12, 2020.

/s/ Timothy Cleveland
Timothy Cleveland