IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AUDREY DUFF | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 1:20-CV-00375-R |
| | § | |
| BETTY BEWLEY, | § | |
| Defendant. | § | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Audrey Duff, files this Response to Defendant's Motion to Dismiss.  In support of her Response, Plaintiff would respectfully show the Court the following:

### I. INTRODUCTION

1.      Plaintiff Audrey Duff's ("Duff") live pleading brings cause of action for defamation and for intentional infliction of emotional distress. Likewise, Duff's pleading establishes that a proper retraction demand was presented to Defendant. Because Duff has presented a well-pleaded complaint alleging multiple, non-barred claims for defamation, and demonstrated a proper claim for intentional infliction of emotion distress, Defendant Betty Bewley's ("Bewley") motion to dismiss must be denied.

### II. FACTUAL & PROCEDURAL BACKGROUND

*A.      Factual Background*

2.      Plaintiff Audrey Duff took the extraordinary step of suing her mother, Betty Bewley, to put an end to Bewley's numerous and continuing defamatory statements. The defamatory statements at issue are not mere trifles. Rather, Bewley has repeatedly stated that

1

Audrey Duff is engaging in an incestuous sexual relationship with Audrey's father, Doug Duff.[1] The defamation at issue is not an isolated incident; Bewley has constantly and consistently defamed Audrey over the course of several months.

3.      In her original petition, Plaintiff Audrey Duff alleged that on May 1, 2018, Bewley published the following defamatory statement regarding Plaintiff via text message to Plaintiff's father, Doug Duff:

> I'm in court now. Just thought you might want to know that Audrey has told the judge and the courtroom that you raped her. I'm horrified and can't believe she could accuse you of that. I denied it and regret that she is so sick to the point of putting on this production. I felt you might want to know what was going on.[2]

4.      This text message, despicable as it was, established Bewley's efforts to interfere with the family relationship existing between Duff and her father.

5.      Since the original text message, Plaintiff alleged that "Defendant [Bewley], within the last year, has repeated these same allegations to Doug Duff and further defamed Plaintiff by asserting that Plaintiff and her father are engaged in an ongoing incestuous sexual relationship."[3] Plaintiff formally demanded by letter that Defendant Bewley retract her statements on November 14, 2019, with service of same on the following day.[4] After the stay of this action was entered, Duff again sent a retraction demand to Bewley on June 16, 2020.

---

[1]  Doug Duff was married to Defendant Betty Bewley from around 1977 to 2006.
[2]  Plaintiff's Original Petition ¶ 7.
[3]  *Id*. at ¶ 8.
[4]  *Id*. at ¶ 7, Ex. A.

*B.   Procedural Background*

6.     Based on the defamatory allegations described above and Defendant Bewley's refusal to retract or clarify same, Plaintiff Audrey Duff originally brought suit in in the 345th Judicial District Court of Travis County, Texas on February 27, 2020. Defendant Bewley filed a notice of removal on April 9, 2020 bringing the action to this Court. Defendant Bewley served an original motion to dismiss on April 15, 2020.

7.     After Duff filed an amended complaint and responded to Bewley's first motion to dismiss, Bewley moved to stay this action, arguing that the additional allegations in Duff's complaint were not covered by Duff's original retraction demand. Rather than expend judicial resources deciding Bewley's minor, but mistaken argument, Duff filed a statement of non-opposition to the stay to use the time to engage in further settlement negotiations with Bewley. To date, settlement negotiations have been unavailing.

8.     The parties recently submitted a joint status report, Bewley urged this Court to rule on her pending motion to dismiss. Because the case had been stayed before Duff's response was due, Duff has not yet filed a response to that motion but does so now.

9.     Bewley seeks to dismiss Duff's claims related to the May 1, 2018 text message. Bewley suggests that a cause of action for defamation related to that message is time-barred. Bewley also suggests that Duff's claim for intentional infliction of emotion distress related to that text message fails. However, for the reasons set forth below, both of Bewley's arguments regarding the text message must fail. Bewley's motion to dismiss must be denied. Bewley also argues that Duff cannot claim exemplary damages because retraction was demanded more than 90 days after Duff learned of the statements; this, however, would require a factual determination of when Duff learned of the statements. Moreover, Duff's original retraction demand adequately

3

demanded retraction not only of the May 1, 2018 text message, but also retraction of Bewley's other defamatory statements. For the reasons set forth below, Bewley's motion must be denied.

### III. ARGUMENT & AUTHORITY

**A.     Standard of Review**

10.     Rule 12(b)(6) provides for dismissal due to a "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"[5] The factual allegations must "'raise [the plaintiff's] right to relief above the speculative level'" but need not be detailed.[6] When evaluating a Rule 12(b)(6) motion, the court's review is limited to the live complaint, any documents attached to that complaint, and any documents attached to the motion to dismiss that are "central to the claim and referenced by the complaint."[7] "'[A] motion to dismiss under 12(b)(6) is viewed with disfavor and is rarely granted.'"[8]

11.     In Texas, the limitations period for a defamation claim is one year.[9] Without applying the discovery rule, a defamation claim normally accrues when the matter is published or circulated.[10] Each distinct publication of slander inflicts an independent injury from which a slander cause of action may arise.[11]

---

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[6] *Lee v. Verizon Commc'ns, Inc*., 837 F.3d 523, 533 (5th Cir. 2016) quoting *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007)).

[7] *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

[8] *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) quoting *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011)).

[9] TEX. CIV. PRAC. & REM. CODE § 16.002.

[10] *See Velocity Databank, Inc. v. Shell Offshore, Inc.*, 456 S.W.3d 605, 609 (Tex.App.--Houston [1st Dist.] 2014).

[11] *Fisher v. Beach*, 671 S.W.2d 63, 67 (Tex.App.--Dallas 1984, no writ).

**B.      Plaintiff has Pleaded Adequate Facts on which to Base Liability**

*1.      Defamation Claim Regarding the May 2018 Text Message*

12.      Plaintiff's cause of action is not based upon a single text message; rather, it is based upon a continuing campaign of separate and severable defamatory statements made by Plaintiff's mother, Defendant Betty Bewley. Because of the plain language describing Plaintiff's defamation claims, and because Texas law considers *each* defamatory statement to be actionable, Plaintiff's defamation claim has facial plausibility.

13.      The default standard for pleading in federal court is contained in Rule 8(a):  A pleading that states "a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."[12] This standard is commonly referred to as "notice pleading." Under notice pleading requirements, a complaint will survive a motion to dismiss so long as it contains sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face.[13] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." [14] As noted above, a court is required to accept only well-pleaded *factual* allegations as true; it does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[15]

14.      "In its simplest form, a cause of action for slander arises when a person orally makes a defamatory statement about a second person to a third person."[16] In Texas, each distinct

---

[12] FED. R. CIV. P. 8(a)(2).

[13] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

[14] *Id.*

[15] *Cent. Lab. v. Integrated Elec.,* 497 F.3d 546, 550 (5th Cir. 2007) (citation omitted) (internal quotation marks omitted).

[16] *Marshall Field Stores, Inc. v. Gardiner*, 859 S.W.2d 391, 395 (Tex. App.—Houston [1st Dist] 1993).

publication of slander inflicts an independent injury from which a slander cause of action may arise.[17]

15.     Additionally, Plaintiff set forth the additional dates and times when Defendant Bewley published via phone call the same or substantially similar defamatory statements that Plaintiff Audrey Duff and her father, Doug Duff, were having an incestuous sexual relationship. Those dates and times also included, *at the very least*, an additional call on October 2, 2019 at 10:25a.m. (Bewley to Doug Duff). At the very least, a claim related to the October 2, 2019 is not time barred.[18]

### 2.     *Duff's Claims for Exemplary Damages Cannot Be Dismissed*

16.     When Duff learned of these statements is a fact issue for the Court.[19] Since the pleadings do not set forth *when* Duff learned of the defamatory statements at issue, the Court would have to go outside of the pleadings to make this determination.[20] Therefore, dismissing Duff's claims for exemplary damages is inappropriate.

17.     Moreover, Duff sent her original retraction letter on November 19, 2019. This retraction demand was broad enough to encompass each of Bewley's defamatory statements. In her original retraction letter, Duff referred to more than merely the May 1, 2018 text message:

---

[17] *Fisher*, 671 S.W.2d at 67.

[18] Duff's amended pleading reveals that Duff is not seeking defamation on any time-barred statements.

[19] The applicable limitations period on Texas defamation claims is one year. TEX. CIV. PRAC. & REM. CODE § 16.002(a).

[20]  In determining whether to grant a motion to dismiss, the district court must not go outside the pleadings and must accept all well-pleaded facts as true, viewing those facts most favorably to the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Khurana v. Innovative Health Care Sys., Inc.*, 130 F.3d 143, 147 (5th Cir. 1997); *Capital Parks, Inc. v. Southeastern Adver. & Sales Sys., Inc.*, 30 F.3d 627, 629 (5th Cir. 1994).

"This statement *and other statements* you have made about my client are untrue and were intended to cause mental anguish[.]"[21]

18.     Because Duff's original retraction letter was broad enough to require retraction of the October 2, 2019 statement, and because the original retraction letter was sent within 90 days of the actual statement—*e.g.,* on November 19, 2019—Duff remains entitled to exemplary damages. Bewley's motion to dismiss regarding exemplary damages must be denied.

### C.     Duff's Intentional Infliction Claim Does Not Fail

19.     Bewley suggests that Duff's intentional infliction of emotional distress ("IIED") claim fails as an "end run around the statute of limitations for defamation."[22] Bewley suggests that IIED is a "gap-filler," but that no gap exists here because Duff's claim sounds solely in defamation. It is true that an IIED claim is a gap-filler; that is a claim for relief in absence of a recognized statutory or tort remedy.[23] However, Duff's allegations also adequately present a cause of action for tortious interference with familial relations; unfortunately, Texas does not recognize this as a cause of action.[24]

20.     Still, it is the very unfortunate fact that Texas does not recognize claims for interference with family relations combined with the extreme and outrageous behavior of Bewley which gives viability to Duff's IIED claim here. The court in *Stites v. Gillum* recognized that an

---

[21] *See*, Ex. A (emphasis added).

[22] Defendant's Motion to Dismiss at 3.

[23] An IIED claim is "a 'gap-filler' tort, judicially created for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004) (citing *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 68 (Tex. 1998)).

[24] *Helena Labs. Corp. v. Snyder*, 886 S.W.2d 767, 768-69 (Tex.1994) (holding that the summary judgment was proper because there is no cause of action for interference with family relationships).

IIED claim would be viable under such circumstances. [25] In *Stites*, the court held that the pleadings "purport to allege only a cause of action for interference with familial relationship, [which does not exist in Texas] and do not allege a cause of action for intentional infliction of emotional distress."[26] Had there been allegations of extreme and outrageous conduct, the *Stites* court thought that an IIED claim in *Stites* might have been viable.

21.     Duff's allegations, in contrast to *Stites*, set forth such extreme and outrageous conduct.

> It is difficult to imagine more extreme and outrageous behavior. Accusing one's own daughter not only of perjury, but perjury related involving incestuous sexual conduct with that daughter's father, is both depraved and reprehensible.[27]

22.     Thus, Duff should succeed here where the claimant in *Stites* failed; Duff's IIED claim is well-pleaded.

23.     For these reasons, Bewley's motion to dismiss regarding Duff's IIED claim must be denied.

### IV. CONCLUSION

24.     WHEREFORE, Plaintiff respectfully request that the Court deny Defendant's Motion, or alternatively leave to file an amended pleading, and such other and further relief, at law or in equity, to which she may justly be entitled.

---

[25] 872 S.W.2d 786, 794 (Tex. App.—Fort Worth 1994, writ denied).
[26] *Id.*
[27] Amended Complaint at ¶ 23.

Respectfully submitted,

GRISSOM & THOMPSON, L.L.P.

/s/William W. Thompson, III
William W. Thompson, III
State Bar No. 19960050
Federal ID No. 23489
Donald H. Grissom
State Bar No. 08511550
Federal ID No. 23490
509 West 12th Street
Austin, Texas 78701
(512) 478-4059
(512) 482-8410 Fax
***Attorney for Plaintiff***

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served via CM/ECF on this  20th day of July 2020 to all counsel of record.

/s/William W. Thompson, III
William W. Thompson, III

Timothy Cleveland
State Bar No. 24055318
Austin H. Krist
State Bar No. 24106170
CLEVELAND | TERRAZAS PLLC
4611 Bee Cave Road, Suite 306B
Austin, Texas 78746
512-689-8698
tcleveland@clevelandterrazas.com
akrist@clevelandterrazas.com
***Attorneys for Defendant***